IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENISE D. TOLEDO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-3391-CV-S-ODS-P |
| ) | Crim. No. 05-03061-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF AND GRANTING A CERTIFICATE OF APPEALABILITY

Movant pleaded guilty to being a felon in possession of a firearm; the parties did not enter into a Plea Agreement. The Court determined Movant qualified as an Armed Career Criminal, so her Total Offense Level was 30 and the Criminal History Category was VI, resulting in a guideline range of 168 to 210 months. However, pursuant to 18 U.S.C. § 924(e), the statutorily-mandated minimum sentence was 180 months. Movant was sentenced to that minimum and did not appeal. She now alleges she received ineffective assistance of counsel when her attorney withdrew objections to the Presentence Investigation Report that, if sustained, would have prevented her classification as an Armed Career Criminal. This, in turn, would have removed the statutory minimum and significantly reduced her Total Offense Level.

In her motion, Movant listed four related grounds for relief, but did not provide any factual detail or legal argument. Considered collectively (and liberally, in light of Movant's pro se status), the motion clearly complained about her classification as an Armed Career Criminal and suggested her counsel was somehow deficient in his handling of this issue. The Government suggested her motion should be dismissed because of its lack of detail. In her Reply Suggestions, Movant provided additional detail, and alleged she "was deprived of her Sixth Amendment right to Effective Assistance of Counsel during her sentencing hearing" when her attorney "abruptly withdrew all objections to her erroneous presentence report" which led to her

classification as an Armed Career Criminal. The Court directed the Government to file a Surreply, and the Court now denies Movant's request for relief on the merits.[1]

An Armed Career Offender is a person who (1) is guilty of being a felon in possession of a firearm and (2) "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). A "violent felony" is any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The Presentence Investigation Report determined Movant had three convictions for violent convictions from Ventura County, California, Superior Court.

- Grand theft from a person in January 1996
- Terrorist threats in October 1998
- Threatening criminal acts with the intent to terrorize in April 1999

Movant's attorney initially objected to the characterization of these crimes as violent felonies, but withdrew those objections at the sentencing hearing. Sentencing Transcript at 2. The withdrawal of these objections forms the basis for Movant's claim of ineffective assistance of counsel.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir.

---

[1]The Government contends the arguments raised in Movant's Reply Suggestions are "new" and therefore untimely. The Court disagrees. Keeping in mind that Movant is proceeding pro se, a fair reading of her original Motion encompasses the narrow issue addressed herein. A lawyer would have understood the initial need for more detail, and would have been able to employ precise language that would have obviated any confusion. The Court is disinclined to engage in hypertechnical linguistic analysis to trap an unwary pro se litigant.

2

1992)).  This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.  Id. at 689.  Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"  Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id.  Failure to satisfy both prongs is fatal to the claim.  Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).  In this case, there was no prejudice because the objections were not meritorious; this conclusion obviates the need to consider Strickland's performance prong.

Movant first argues the second and third crimes are not separate because she was sentenced for both on the same day.  This analysis is incorrect.  The events occurred on different days (and had different victims).  "[C]riminal episodes underlying convictions trigger application of the [Armed Career Criminal Act], not the date of the convictions or the number of trials or pleas resulting in those convictions."  United States v. Mason, 440 F.3d 1056, 1057 (8th Cir. 2006).  The second and third convictions constitute separate episodes, and the fact that they were consolidated for sentencing does not make them a single a conviction.  Id. at 1058 (citing United States v. Speakman, 330 F.3d 1080, 1081-83 (8th Cir. 2003)).

Movant next contends that grand theft from a person is not a violent felony.  Answering this question requires first examining the statute in question and determining whether the crime's elements "include[ ] the use, attempted use, or threatened use of a physical force against a person" and, if it does, this ends the inquiry – the underlying facts are not re-determined.  United States v. Reliford, 471 F.3d 913, 915-16 (8th Cir.

2006) (citing Taylor v. United States, 495 U.S. 575, 600 (1999)). A limited inquiry into the underlying facts is permitted only if the statute is "over-inclusive;" that is, it can be violated in either a violent or non-violent manner. Id. at 916. "[T]he crime of theft from a person involves conduct that presents a serious risk that a person may be physically injured." United States v. Griffith, 301 F.3d 880, 885 (8th Cir. 2002); see also United States v. Hudson, 414 F.3d 931, 934-35 (8th Cir. 2005). In fact, the Ninth Circuit – which would be expected to have more opportunity to address California law – has held grand theft from a person as defined in California law is a violent felony. United States v. Wofford, 122 F.3d 787, 794 (9th Cir. 1997); see also United States v. Jennings, 515 F.3d 980, 988 (9th Cir. 2008) (comparing California and Washington law). Significantly, "California courts have interpreted this statute to require that the property shall be at the time be in some way actually upon or attached to the person, or carried or held in actual physical possession." Wofford, 122 F.3d at 792 (quotations omitted). The Court has little difficulty concluding the California crime of grand theft from a person is a violent felony.

Movant's final argument contends the third felony – threatening to commit a crime with intent to terrorize – is not a violent felony. A review of the statute demonstrates otherwise. Movant plead guilty to a violation of California Penal Code section 422, which in pertinent part declares it to be a crime when

> Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety . . . .

One of the elements of this crime is the threatened use of violence, so it qualifies as a violent felony without regard to the underlying facts that lead to the charge and Movant's guilty plea.

For these reasons, the Court concludes Movant was not prejudiced when her attorney withdrew objections to her classification as an Armed Career Criminal, and she is not entitled to postconviction relief.  However, the Court also concludes "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted), so a Certificate of Appealability is granted.
IT IS SO ORDERED.

DATE: June 26, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT